# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA,

      **Plaintiff,**

**v.**                             **Case No. 8:11-cr-410-T-23TBM**

MICHAEL REGARD ALBURY, JR.,

      **Defendant.**

                                     /

## REPORT AND RECOMMENDATION

THIS MATTER is before the court for a report and recommendation on

**Defendant's Motion for Relief from Prejudicial Joinder of Offenses** (Doc. 12) and

**Defendant's Supplemental Motion for Relief from Prejudicial Joinder of Offenses** (Doc.

48). The government filed a response in opposition to the original motion. (Doc. 26 at 9-11).

By his motions, Defendant seeks an order severing Count Four and Count Eight of the

Superseding Indictment (Doc. 38) from all other counts for trial. Citing Fed. R. Crim. P. 14,

he asserts that the inclusion of these felon in possession counts will unduly prejudice him on

the remaining counts to be tried.[1] In response, the government argues that the counts are

properly joined with the remaining counts under Fed. R. Crim. P. 8 and Defendant cannot

demonstrate the degree of prejudice necessary to merit a severance of these counts.[2]

---

[1]Plaintiff also cites Fed. R. Evid. 402 and 403, as well as *United States v. Hammond,* 781 F.2d 1536 (11th Cir.1986) and *United States v. Walser,* 3 F.3d 380 (11th Cir.1993).

[2]The government cites *United States v. Schlei,* 122 F.3d 944, 984 (11th Cir.1997); *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir.2009); *United States v. Brooks,* 2011 WL 193546511[th] Cir. May 20, 2011).

For the reasons which follow, the **Defendant's Motion for Relief from Prejudicial Joinder of Offenses** (Doc. 12) and **Defendant's Supplemental Motion for Relief from Prejudicial Joinder of Offenses** (Doc. 48) are appropriately denied.

The initial inquiry is whether the offenses are properly joined under Fed. R. Crim P. 8. To that end, Rule 8(a) permits joinder of offenses of the same or similar character, or offenses based on the same act or transaction or which are connected with or constitute parts of a common scheme or plan. The proper focus in misjoinder claims is not upon the nature of the offenses that are joined together, but upon whether the terms of Rule 8 have been met, that is to say, whether the offenses arose from the same series of acts or transactions. *United States v. Kopituk, 690* F.2d 1289 (11th Cir.1982). "In order to constitute a 'series' of acts or transactions under [Rule 8], there must be 'substantial identity of facts or participants' among the various offenses.") *Id.,* at 1313. Here, the felon in possession of firearm counts arise from and are a part of the same events giving rise to the drug counts and the other firearm counts and thus are appropriately joined as part of the same act or transaction or as parts of the common scheme or plan.

Fed. R. Crim. P. 14(a) allows for severance of counts where joinder is prejudicial to the defendant. Under this rule, the burden is on the defendant to "demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of the defense." *United States v. Schlei,* 122 F.3d at 984 (quoting *United States v. Walker*, 720 F.2d 1527, 1533 (11th Cir.1983)). Under this rule, the court must balance the prejudice to the defense against the public's interest in judicial economy and efficiency. *Id.* Here, Defendant fails to demonstrate the requisite degree of prejudice to offset the public's interest in judicial economy.

The decision in *United States v. Bennett*, 368 F.3d 1343 (11th Cir. 2004) is instructive. There, as here, the defendant was charged with being a convicted felon in possession of a firearm along with two drug trafficking offenses. Additional counts included charges for attempting to kill an official in the performance of his official duties and possession of a firearm during and in relation to the drug offenses. His motion to sever the felon in possession count was denied. At trial, the parties stipulated to the prior felony conviction and the trial judge instructed the jury of the stipulation and admonished the jury that it was to consider the stipulated fact only in connection with the felon in possession charge and that it should not consider the fact in determining the guilt or innocence of the defendant in the other counts of the indictment. On appeal, the Eleventh Circuit found no error because Bennett failed to demonstrate "the compelling prejudice against which the district court could offer no protection." In light of the parties stipulation and the trial court's instruction to the jury, any prejudice to the defendant was substantially mitigated. *See Bennett*, 368 F.3d at 1351.

Here in addition to the drug charges at Counts One, Two, Five, and Six, Mr. Albury is charged in two counts (Counts Three and Seven) with possessing a firearm in furtherance of the drug trafficking offenses. Thus, evidence of the firearms will necessarily be a part of the government's proof regardless of the felon in possession counts. And, as demonstrated in *Bennett*, there are ways of mitigating the prejudice arising from the prior conviction(s) being placed before the jury. With a similar stipulation and curative instruction to the jury, the harm arising from the jury's knowledge of his prior conviction(s) may be substantially reduced.

3

Accordingly, in the absent of any demonstration of the compelling prejudice "against which the district court [can] offer no protection," severance of these counts is not required. The **Defendant's Motion for Relief from Prejudicial Joinder of Offenses** (Doc. 12) and **Defendant's Supplemental Motion for Relief from Prejudicial Joinder of Offenses** (Doc. 48) should be denied.

Respectfully submitted on
this 8th day of February 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); M.D. Fla. R. 6.02.

Copies to:
Honorable Steven D. Merryday, United States District Judge
Counsel of Record