UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                    Case No. 8:11-cr-410-T-23TBM

**MICHAEL RENARD ALBURY, JR.**
_____/

ORDER

This cause comes on for consideration of Defendant's Motion for New Trial and Arrest of Judgment and Memorandum of Law in Support Thereof (D-91), Defendant's Renewed Motion for Judgment of Acquittal (D-92), and the Government's opposition thereto (D-93).

By way of background, Defendant was charged in an eight-count Superseding Indictment with one count of possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count One); one count of possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count Two); two counts of knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts Three and Seven); two counts of felon-in-possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and 2 (Counts Four and Eight); one count of possession with the intent to distribute 500 grams of more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count Five), and one count of possession with the intent to distribute N-

benzylpiperazine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count Six).

Defendant proceeded to trial. At the close of the Government's case-in chief, Defendant moved for a judgment of acquittal arguing that the Government had not satisfied its burden of proving Defendant's guilt beyond a reasonable doubt. In essence, Defendant argued that the Government failed to demonstrate that Defendant had dominion and control over the two hotel rooms where the contraband was found and, further, had not established Defendant had knowledge of the BZP or the firearm found in a purse. The Court denied the motion and found sufficient evidence presented at trial for a jury to find Defendant guilty beyond a reasonable doubt as to all of the Counts. Defendant did not present a defense case. On May 24, 2012, the jury found Defendant guilty as to all Counts of the Superseding Indictment with the exception of Count Four.

Defendant timely filed his renewed motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(c). He also filed a separate motion for new trial pursuant to Fed.R.Crim.P. 33(a) and arrest of judgment pursuant to Fed.R.Crim.P. 34. The Court addresses each motion below.

I. Renewed Motion for Judgment of Acquittal

Rule 29 provides in relevant part that a court must order the entry of judgment of acquittal of "any offense for which the

evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). "In considering a Rule 29 Motion for Judgment of Acquittal, the trial court is required to determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, United States v. Brand, 775 F.2d 1460 (11th Cir. 1985), a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) (citing United States v. Cole, 755 F.2d 748 (11th Cir. 1985)).

As indicated, Defendant previously raised at trial his argument with regard to the sufficiency of the evidence based on an an alleged lack of dominion and control over the rooms by Defendant. The Court denied his motion for judgment of acquittal. In doing so, the Court found that the evidence established a sufficient nexus between Defendant and the two hotel rooms.

Now, after viewing the evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, the Court again finds that there was sufficient evidence from which a reasonable jury could find the Defendant guilty beyond a reasonable doubt of Counts One, Two, Three, Five, Six, Seven and Eight of the Superseding Indictment.

3

II.  Motion for Arrest of Judgment

Defendant also moves the Court to order an arrest of judgment. Rule 34 provides that the court must arrest judgment if "the indictment of information does not charge an offense...." Fed.R.Cr.P. 34(a)(1). Defendant specifically contends that the Superseding Indictment did not sufficiently charge aiding and abetting as provided in 18 U.S.C. § 2 because it did not include the essential elements of aiding and abetting.

Section 2 provides in pertinent part: "(a) whoever commits an offense against the Untied States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). As the Court noted at trial, the Superseding Indictment specifically referenced 18 U.S.C. § 2 in each of Counts One through Eight. (D-38.) Moreover, Defendant fails to recognize that aiding and abetting under 18 U.S.C. 2 is not an independent crime. <u>United States v. Pearson</u>, 667 F.2d 12, 13 (5th Cir. Unit B 1982) (per curiam).[1] Rather, 18 U.S.C. § 2 is "an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense. It allows a jury to find one guilty of an offense even though he did not commit all the acts constituting the elements of

---

[1]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981, as well as all decisions by a Unit B panel of the former Fifth Circuit, <u>Stein v. Reynolds Securities, Inc.</u>, 667 F.2d 33, 34 (11th Cir.1982).

4

the substantive crime aided." <u>United States v. Martin</u>, 747 F.2d 1404, 1407 (11th Cir. 1984). Furthermore, it was not necessary for the Government to even cite the aiding and abetting provision in the charging instrument to obtain a conviction on that theory. <u>Id.</u>

Here, the Government expressly charged Defendant with drug and firearm offenses as specifically set forth in the Superseding Indictment. Defendant does not contend that those offenses were insufficiently charged. As such, Defendant is not entitled to relief under Rule 34.

III. Motion for New Trial

As to Defendant's alternative request for a new trial, Rule 33(a), Fed.R. Crim.Pro., provides that the Court may grant a new trial "if the interests of justice so requires." The burden, of course, is on the defendant to establish that a new trial should be granted. To warrant a new trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." <u>United States v. Fernandez</u>, 905 F.2d 350, 352 (11th Cir. 1990) (citing <u>United States v. Martinez</u>, 763 F.2d 1297, 1313 (11th Cir. 1985)). Moreover, the Court must find that the verdict is against the great weight of evidence in order to grant a new trial on evidentiary grounds. <u>United States v. Sullivan</u>, 1 F.3d 1191, 1196 (11th Cir. 1993) (citing <u>Hewitt v. B.F. Goodrich Co.</u>, 732 F.2d 1554, 1556 (11th Cir. 1984)).

The Court finds that the interest of justice does not require

a new trial in this case. The evidence did not preponderate heavily against the verdict. As the jury's finding Defendant guilty as to Counts One, Two, Three, Five, Six, Seven and Eight of the Superseding Indictment does not amount to a serious "miscarriage of justice," Defendant is not entitled to the relief he seeks.

A. Inconsistent Verdict

Defendant specifically contends that the insufficiency of the evidence is demonstrated by the inconsistent verdicts as to Count Three and Four. Specifically, the jury found Defendant guilty of possessing a Glock firearm in furtherance of a drug trafficking crime but not guilty of being a felon-in-possession of the same firearm. However, the law is clear that consistency in verdicts is not necessary. United States v. Mitchell, 146 F.3d 1338, 1344-45 (11th Cir. 1998). As long as there is sufficient evidence to support the guilty verdict as to Count Three, the conviction must stand. See id.

Defendant contends that there was insufficient evidence as to Count Three because the Government failed to prove the statutory definition of a firearm as it pertains to the Glock. Defendant, without any citation to any legal authority, boldly contends that "[f]or the Glock to meet the statutory definition, the actual gun must be in evidence...." (D-91, p. 5.)

The controlling law of the Eleventh Circuit does not support

Defendant's contention. The court in <u>United States v. Hunt</u>, 187 F.3d 1269, 1271 (11th Cir. 1999) (per curiam), held that "[t]he government need not offer the gun itself in evidence or produce an expert witness to identify a 'firearm.'" The court found that lay witness testimony that a defendant carried or used a firearm is sufficient to sustain a conviction. <u>Id.</u>

Similarly, the court upheld a firearm conviction in <u>United States v. Woodruff</u>, 296 F.3d 1041 (11th Cir. 2002). The court explained:

> The government must present sufficient testimony, including the testimony of lay witnesses, in order to prove beyond a reasonable doubt that a defendant used, possessed or carried a firearm as that term is defined for purposes of § 924(c). In this case, although the firearm used by Woodruff was not in evidence, the jury heard testimony about the weapon from three of the victims and viewed photographic evidence depicting the gun. Our review of this record satisfied us that the jury had a sufficient basis on which to find that Woodruff used or carried a firearm.

<u>Id.</u> at 1049.

In this case, there was sufficient evidence for the jury to find Defendant guilty of possession of a firearm in furtherance of a drug trafficking crime. The Government presented evidence that Defendant rented Room 342 in his name, paid for it himself and was provided with a key to the room. It further presented evidence that cocaine and drug paraphernalia consistent with trafficking was found in Room 342. Additionally, Jackie Blackwell, a hotel maintenance worker, testified he found a loaded Glock .45 firearm

with a round in the chamber in Room 342 prior to law enforcement's search. Janet Desmarais, who worked at the front desk of the hotel, testified that Blackwell brought her a large loaded weapon which she put it in the safe. She further testified that Defendant accurately described the gun when he came to retrieve it. Desmarais testified that she scolded Defendant for leaving a loaded gun in the hotel room and that Defendant was agreeable.

B. Jury Instruction Regarding Flight

Defendant's final contention is that a new trial is warranted because the jury instruction regarding intentional flight was not warranted under the facts. Specifically, Defendant complains that the Court should not have given the jury the following instruction:

> Intentional flight by a person immediately after a crime has been committed is not, of course, sufficient in itself to establish the guilt of that person, but intentional flight under those circumstances is a fact which, if proved, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.
>
> Whether or not the Defendant's conduct constituted flight is exclusively for you, as the jury, to determine. And if you do so determine that flight showed a consciousness of guilt on the defendant's part, the significance to be attached to that evidence is also a matter exclusively for you as a jury to determine.
>
> I do remind you that in your consideration of any evidence of flight, if you should find that there was flight, you should consider that there may be reasons for such flight which are fully consistent with Defendant not being guilty of the offenses charged. And, may I suggest to you that a feeling of guilt does not necessarily reflect actual guilt of the crime which you may be considering.

(D-83, p. 16.)

A flight instruction is appropriate where there is sufficient evidence for the jury to reasonably conclude the defendant fled to avoid apprehension. United States v. Edwards, 447 Fed. Appx. 43, 45 (11th Cir. 2011), cert. denied, 132 S.Ct. 1606 (2012). The Government presented evidence that Defendant was transferred from Room 342 to Room 332, was given a key to the latter room, and was present at the hotel on July 26, 2010. There was further evidence that Defendant was seen attempting to access Room 332 that day. The Government also presented evidence that the door to the Room 332, which had been locked, was later found to be unlocked and that Defendant had left the premises and did not return that day. Thus, the Court finds the instruction was appropriate under the facts.

Furthermore, the Court notes that the instruction included the admonition to the jury that whether Defendant's conduct constituted flight was for the jury's determination. The Eleventh Circuit has repeatedly found that similarly worded flight instructions accurately reflect the law and are proper. United States v. Borders, 693 F.2d 1318, 1327 (11th Cir. 1982); United States v. Wright, 392 F.3d 1269, 1277-78 (11th Cir. 2004). As such, Defendant is not entitled to the relief he seeks.

The Court ORDERS as follows:

(1) Defendant's Motion for New Trial and Arrest of Judgment and Memorandum of Law in Support Thereof (D-91) and Defendant's

Renewed Motion for Judgment of Acquittal (D-92) are DENIED.

DONE AND ORDERED in Tampa, Florida this 15th day of July, 2012.

/s/ William J. Castagna
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE