UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO. 8:11-cr-410-T-23TBM

MICHAEL RENARD ALBURY, JR.
_____/

**ORDER**

An April 17, 2012, order (Doc. 65) denies a motion to suppress (Doc. 11) by Michael Albury. After his conviction by a jury, Albury appealed both his conviction and the denial of the motion to suppress. In connection with review of the district court's denial of the motion to suppress, the circuit court remanded this action to the district court to find two additional facts. First, the circuit court's order of remand states:

> [W]e remand the case to [the district] court for the limited purpose of allowing it to find whether Detective Johnson would have sought the search warrant for Room 332 had he not observed cocaine inside.

Second, in an adjoining footnote the circuit court states:

> [The] government continues to press its abandonment argument on appeal. Because the concept of abandonment also "involves a factual issue," we are also left unable to properly consider this argument, as the district court did not address the issue of abandonment in its order. Accordingly, we encourage the district court on remand to also address the government's abandonment argument so that we may review it on appeal.

To resolve these two fact questions, a hearing occurred on Wednesday, February 19, 2014. As explained below, the district court finds as a fact (1) that the warrant would have been sought by the police even without information about room 332 and (2) that the United States has not proven that the police knew that Albury had abandoned room 332 when the police entered room 332 without a warrant.

## THE WARRANT APPLICATION

Immediately before the February 19 hearing, Albury moved (Doc. 130) in opposition "to taking any additional testimony concerning the above suppression motion" and moved in the same paper for judicial notice of certain other papers filed in this action. Because each of the papers that Albury asks the court to judicially notice appears on the docket of this action and in the record, the portion of Doc. 130 that requests judicial notice is denied as superfluous.

In concert with the objection to "taking any additional testimony," Albury moved (Doc. 131) to exclude the testimony of Bradenton Police Department Sgt. Sean Monahan and DEA Task Force Officer Mike Skoumal. Because Skoumal was not called as a witness, Albury's motion to exclude his testimony is denied as moot. Because the district court interprets the circuit court's remand for a "fact finding" to contemplate an evidentiary hearing, the balance of Doc. 130 and Doc. 131 is denied, also. (As stated in the order of remand, the circuit court granted the United States's

request to "remand the matter to the district court to conduct the proceedings necessary to make a finding . . . .")

At the February 19 hearing, Sgt. Monahan testified credibly and unrebutted, and the district court finds as a fact established by clear and convincing evidence, that at the time of the search of room 342 and room 332 Sgt. Monahan was the supervising police officer present at the motel; that Sgt. Monahan arrived on the scene in the same police car with Det. Johnson; that Sgt. Monahan was Det. Johnson's supervisor and that Sgt. Monahan was actively supervising all events at the motel on that day, including the entry and examination of room 342 and room 332; that Sgt. Monahan – and not Det. Johnson – was the person on the scene with the authority to decide, and the person who actually decided, to apply for the warrant to search room 332, and that Sgt. Monahan, completely satisfied with the sufficiency of the evidence revealed in room 342, combined with independent information about Albury's criminal history, would have sought the warrant to search room 332 even without the information obtained from room 332.

Of course, this answers a question slightly different from the question asked by the circuit court, which had no knowledge of Sgt. Monahan and which, assuming that the pertinent decision came from Det. Johnson, framed the question on remand in terms of Det. Johnson. In fact, it was not Det. Johnson who decided to seek a warrant; it was Sgt. Monahan, his supervisor, who was on the scene and in command and who decided to seek the warrant.

In framing the remand question about the warrant, the circuit court cites *United States v. Noriega*, 676 F.3d 1252 (11th Cir. 2012), which in turn cites *Murray v. United States*, 108 S. Ct. 2529 (1988), the original source of the rule repeated in *Noriega*, which formulates the pertinent inquiry as follows:

> If the remaining or non-excised information is enough to support a probable cause finding, the second thing we do is determine whether the officer's decision to seek the warrant was "prompted by" what he had seen during the arguably illegal entry. To determine whether an officer's decision to seek a warrant is prompted by what he saw during the initial entry, courts ask whether the officer would have sought the warrant even if he had not entered.

676 F.3d at 1260-61. For the latter proposition, which governs this remand, *Noriega* cites *Murray* and particularly cites footnote 3 of *Murray*, in which the majority counters an objection lodged in dissent by Justice Marshall. Footnote 3 of *Murray* in pertinent part delivers the initial formulation of the test stated, although in slightly different words, in *Noriega*. Footnote 3 of *Murray* states:

> To determine whether the warrant was independent of the illegal entry, one must ask whether it would have been sought even if what actually happened had not occurred – not whether it would have been sought if something else had happened. That is to say, what counts is whether the actual illegal search had any effect on producing the warrant, not whether some hypothetical illegal search would have aborted the warrant. Only that much is needed to assure that what comes before the court is not the product of illegality; to go further than that would be to expand our existing exclusionary rule.

108 S. Ct. at 2536.

In view of *Murray*, this order assumes the question intended by the circuit court is whether the police would have sought the warrant without information from

- 4 -

room 332 and not specifically whether Det. Johnson would have sought the warrant without information from room 332.  Explicitly stated, the district court finds that, notwithstanding the prospective absence of information from room 332, but based solely on the information from room 342 and the independent confirmation of Albury's criminal history and status, Sgt. Monahan would have directed that Det. Johnson seek the warrant to search room 332.  Sgt. Monahan's testimony to this effect was quite distinctive and persuasive.

Assuming, in the alternative, that the circuit court intended that the district court find facts only on the record existing before the limited remand and that the district court should have received no additional testimony, the question is more complicated.  Called by Albury to testify at the original suppression hearing, Det. Johnson (who did not testify at the hearing on limited remand) testified early in the original hearing:

> Q: Would you have applied for the warrant had you not seen the cocaine in 332?
>
> A: No.
>
> Q: So that the observation was critical to the issuance of the search warrant, correct?
>
> A: Yes

This testimony is mentioned in the circuit court's order of remand.  But Det. Johnson testified further on cross-examination:

> Q: If you had, based upon what you just testified about in room 342, had three different field tests test positive for cocaine, you have quantities of crack that is consistent with distribution and you've got evidence of distribution quantities of powder cocaine in the form of the powder that's left in the plastic bags, right?
>
> A: Correct.
>
> Q: Are you absolutely certain that you wouldn't think of going to get a search warrant for the other room that that only other individual has been in based upon just that information?
>
> A: Our judges are pretty strict down there on . . . .

The record is otherwise silent as to the subjective intent of Det. Johnson to seek a warrant. In the event the circuit court intended a fact finding based only on the original record, the district court must find as a fact (1) that Det. Johnson, assuming (hypothetically) that the decision was his, would not have sought the warrant without the information from room 332 but (2) that Det. Johnson's reason for not seeking the warrant (at his own instance, at least) was not because he thought he lacked probable cause without information from room 332 but because he was skeptical that a "strict" judge in Manatee County circuit court would grant the warrant without more evidence (the testimony at the hearing on remand established that the officers did not know which Manatee County circuit judge would receive the warrant application). Finally, to the extent applicable (the remand order does not ask this question), the district court finds as a fact that a "reasonable officer" would have sought a warrant to search room 332 based on a combination of the evidence discovered in room 342, including a loaded .45 caliber handgun and a cache of cocaine and other

- 6 -

paraphernalia suggesting distribution, and the information that Albury was a convicted drug trafficker.[*]

## ABANDONMENT

With respect to the second issue identified by the circuit court, the United States fails to bear the burden of proving by clear and convincing evidence that Albury had abandoned room 332 before officers effected a warrantless entry into the room in search of evidence. Although some evidence suggests that Albury departed the room and the motel promptly upon, and in response to, suspecting that police were present or imminently present in the room or the motel, the room contained at least Albury's property (including fifty pairs of sneakers) and the property of a woman who had stayed in the room (no testimony affirms that the woman abandoned the room). Albury had recently paid for the room. No one actually saw Albury leave the room and the motel, and no one describes the circumstance of his alleged "flight." Finally and perhaps most tellingly, at the moment the police

---

[*] As stated by Professor LaFave, "*Murray* assumes that the question is the actual motivation or intention of the officers in the particular case, that is, that a subjective rather than an objective test is applicable in the context." Wayne R. LaFave, *Search and Seizure* Vol. 6, § 11.4(f), 438 (5th ed. Thomson Reuters/West 2012). In an adjoining footnote, Professor LaFave cites *United States v. Restrepo*, 966 F.2d 964 (5th Cir. 1992), which states, "In the best of all possible worlds, of course, there will be statements or other evidence directly probative of motivation or effect. But in the usual case, in which direct evidence of subjective intent is absent, a court must infer motivation from the totality of facts and circumstances." In the present circumstance, if the circuit court intended no evidentiary hearing on remand and assuming that Det. Johnson's intent is irrelevant because he was not in command, the record would lack "evidence of subjective intent." For that reason, this order includes a finding about a "reasonable officer" in the same circumstance. *See generally* George E. Dix, *Subjective "Intent" as a Component of Fourth Amendment Reasonableness*, 76 Miss. L.J. 373 (Special Edition 2008).

entered the room and began the warrantless search, only a very few minutes had passed since Albury was believed to have departed. Although in certain circumstances an open, notorious, and confirmed flight with knowledge that the police are arriving can constitute an unequivocal abandonment, the evidence of flight by Albury is circumstantial and not of sufficient quantity, character, and reliability that a reasonable officer could have concluded after only a few minutes that Albury had departed with no intention to return to claim his property and with no intention that the recently purchased room remain available to the woman or to one or more of his "friends." The United States' proof of abandonment would fail even if the standard of proof were a preponderance of the evidence, although that standard presents, obviously, a closer question. To conclude, the unrebutted evidence establishes that Albury departed the room and the motel reasonably near the arrival of the police. That he departed because of the police (a not unreasonable hypothesis) is a more speculative conclusion that is consistent with, but not proven by, the evidence. That Albury had manifestly abandoned the room before or at the moment of the police's entry is not established by the evidence and, absent unequivocal and definite evidence, insufficient time had passed to establish abandonment.

## CONCLUSION

Albury's opposition to additional testimony and motion for judicial notice (Doc. 130) is **DENIED**. Albury's motion (Doc. 131) to exclude the testimony is **DENIED** as to Sgt. Sean Monahan and **DENIED AS MOOT** as to Officer Mike

Skoumal.  The circuit court's questions are **ANSWERED**, and the clerk is directed to "**RETURN**" this action to the circuit court in accord with the circuit court's order (Doc. 125 at 8-9).

ORDERED in Tampa, Florida, on February 21, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE